UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MICHAEL A. COFIELD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:17-cv-317 |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Deputy Commissioner for Operations, | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on petition for judicial review of the decision of the Commissioner filed by the plaintiff, Michael A. Cofield, on July 25, 2017. For the following reasons, the decision of the Commissioner is **REMANDED.**

*Background*

The plaintiff, Michael A. Cofield, filed an application for Disability Insurance Benefits on March 28, 2014, alleging a disability onset date of July 8, 2013. (Tr. 25). The Disability Determination Bureau denied Cofield's application on June 17, 2014, and again upon reconsideration on October 8, 2014. (Tr. 25). Cofield subsequently filed a timely request for a hearing on October 28, 2014. (Tr. 25). A video hearing was held on July 21, 2016, before Administrative Law Judge (ALJ) Karen Sayon, and the ALJ issued an unfavorable decision on August 23, 2016. (Tr. 25-36). Cofield and Vocational Expert (VE) Glee Ann L. Kehr appeared and testified at the hearing. (Tr. 25). The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. (Tr. 1-3).

Cofield meets the insured status requirements of the Social Security Act through March 31, 2019. (Tr. 27). The ALJ issued an unfavorable decision and made findings as to each of the

steps in the five-step sequential analysis. (Tr. 25-36). At step one of the five-step sequential analysis for determining whether an individual is disabled, the ALJ found that Cofield had not engaged in substantial gainful activity since July 8, 2013, the alleged onset date. (Tr. 27).

At step two, the ALJ determined that Cofield had the following severe impairments: lumbar degenerative disc disease, cervical degenerative disc disease, and mild right carpal tunnel syndrome. (Tr. 27). The ALJ considered Cofield's medically determinable mental impairments of depression and anxiety, singly and in combination. (Tr. 28). The ALJ determined that Cofield's mental impairments did not cause more than minimal limitation on his ability to perform basic mental work activities and therefore were non-severe. (Tr. 28).

At step three, the ALJ concluded that Cofield did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 28). The ALJ indicated that she considered Listings 1.04 and 11.14. (Tr. 29). However, she found that the medical evidence did not document listing-level severity and that no acceptable medical source mentioned findings were equivalent in severity to the criteria of any listed impairment, individually or in combination. (Tr. 29).

After consideration of the entire record, the ALJ then assessed Cofield's residual functional capacity (RFC) as follows:

> [T]he claimant has the residual functional capacity (RFC) to perform light work as defined in 20 CFR 404.1567(b). He is limited to no climbing ladders, ropes, or scaffolding. He is limited to occasional balancing, stooping, kneeling, crouching, and climbing ramps and stairs. He is limited to occasional overhead reaching bilaterally.

(Tr. 29). The ALJ explained that in considering Cofield's symptoms she followed a two-step process. (Tr. 30). First, she determined whether there was an underlying medically determinable physical or mental impairment that was shown by a medically acceptable clinical or laboratory

diagnostic technique that reasonably could be expected to produce Cofield's pain or other symptoms. (Tr. 30). Then, she evaluated the intensity, persistence, and limiting effects of the symptoms to determine the extent to which they limited Cofield's functioning. (Tr. 30). The ALJ found that after consideration of the evidence, Cofield's medically determinable impairments reasonably could be expected to cause the alleged symptoms. (Tr. 30). However, the ALJ found that Cofield's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence in the record. (Tr. 32).

At step four, the ALJ found that Cofield was unable to perform any past relevant work. (Tr. 34). Considering Cofield's age, education, work experience, and RFC, the ALJ concluded that there were jobs in the national economy that he could perform, including mail room clerk (99,100 jobs exist), information clerk (973,500 jobs exist), and office helper (74,060 jobs exist). (Tr. 35). The ALJ found that Cofield had not been under a disability, as defined in the Social Security Act, from July 8, 2013 through August 23, 2016, the date of this decision. (Tr. 35-36).

*Discussion*

The standard for judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is limited to a determination of whether those findings are supported by substantial evidence. **42 U.S.C. § 405(g)** ("The findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive."); ***Moore v. Colvin***, 743 F.3d 1118, 1120–21 (7th Cir. 2014); ***Bates v. Colvin***, 736 F.3d 1093, 1097 (7th Cir. 2013) ("We will uphold the Commissioner's final decision if the ALJ applied the correct legal standards and supported his decision with substantial evidence."). Courts have defined substantial evidence as "such relevant evidence as a reasonable mind might accept to

3

support such a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 852 (1972) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 217, 83 L. Ed. 2d 140 (1938)); *see Bates*, 736 F.3d at 1098. A court must affirm an ALJ's decision if the ALJ supported her findings with substantial evidence and if there have been no errors of law. *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013) (citations omitted). However, "the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." *Lopez ex rel Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003).

Disability insurance benefits are available only to those individuals who can establish "disability" under the terms of the Social Security Act. The claimant must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." **42 U.S.C. § 423(d)(1)(A)**. The Social Security regulations enumerate the five-step sequential evaluation to be followed when determining whether a claimant has met the burden of establishing disability. **20 C.F.R. §§ 404.1520**. The ALJ first considers whether the claimant is presently employed and "doing . . . substantial gainful activity." **20 C.F.R. §§ 404.1520(b)**. If he is, the claimant is not disabled and the evaluation process is over. If he is not, the ALJ next addresses whether the claimant has a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities." **20 C.F.R. §§ 404.1520(c)**; *see Williams v. Colvin*, 757 F.3d 610, 613 (7th Cir. 2014) (discussing that the ALJ must consider the combined effects of the claimant's impairments). Third, the ALJ determines whether that severe impairment meets any of the impairments listed in the regulations. **20 C.F.R. § 401, pt. 404, subpt. P, app. 1**. If it does, then the impairment is acknowledged by the Commissioner to be conclusively disabling.

However, if the impairment does not so limit the claimant's remaining capabilities, the ALJ reviews the claimant's "residual functional capacity" and the physical and mental demands of his past work. If, at this fourth step, the claimant can perform his past relevant work, he will be found not disabled. **20 C.F.R. § 404.1520(e)**. However, if the claimant shows that his impairment is so severe that he is unable to engage in his past relevant work, then the burden of proof shifts to the Commissioner to establish that the claimant, in light of his age, education, job experience, and functional capacity to work, is capable of performing other work and that such work exists in the national economy. **42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1520(f)**.

Cofield has requested that the court reverse the ALJ's decision and award benefits, or in the alternative remand for additional proceedings. In his appeal, Cofield has argued that: (1) the ALJ erred in evaluating the medical opinions of record; (2) the ALJ's RFC assessment was not supported by substantial evidence; and (3) the ALJ failed to appropriately evaluate Cofield's subjective allegations.

Cofield has argued that the ALJ erred in evaluating the medical opinions of record. Cofield contends that the ALJ improperly gave no weight to the opinion of his treating specialist, Dr. Michael Spence, M.D. A treating source's opinion is entitled to controlling weight if the "opinion on the issue(s) of the nature and severity of [the claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record. **20 C.F.R. § 404.1527(d)(2)**; *see* ***Bates v. Colvin***, 736 F.3d 1093, 1099 (7th Cir. 2013); ***Punzio v. Astrue***, 630 F.3d 704, 710 (7th Cir. 2011); ***Schmidt v. Astrue***, 496 F.3d 833, 842 (7th Cir. 2007). The ALJ must "minimally articulate his reasons for crediting or rejecting evidence of disability." ***Clifford v. Apfel***, 227 F.3d 863, 870 (7th Cir. 2000) (quoting ***Scivally v. Sullivan***, 966 F.2d 1070, 1076 (7th Cir.

1992)); *see* **20 C.F.R. § 404.1527(d)(2)** ("We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.").

"[O]nce well-supported contradicting evidence is introduced, the treating physician's evidence is no longer entitled to controlling weight and becomes just one more piece of evidence for the ALJ to consider." ***Bates***, 736 F.3d at 1100. Controlling weight need not be given when a physician's opinions are inconsistent with his treatment notes or are contradicted by substantial evidence in the record, including the claimant's own testimony. ***Schmidt***, 496 F.3d at 842 ("An ALJ thus may discount a treating physician's medical opinion if the opinion is inconsistent with the opinion of a consulting physician or when the treating physician's opinion is internally inconsistent, as long as he minimally articulates his reasons for crediting or rejecting evidence of disability."); *see, e.g.*, ***Latkowski v. Barnhart***, 93 F. App'x 963, 970–71 (7th Cir. 2004); ***Jacoby v. Barnhart***, 93 F. App'x 939, 942 (7th Cir. 2004). If the ALJ was unable to discern the basis for the treating physician's determination, the ALJ must solicit additional information. ***Moore v. Colvin***, 743 F.3d 1118, 1127 (7th Cir. 2014) (citing ***Similia v. Astrue***, 573 F.3d 503, 514 (7th Cir. 2009)). Ultimately, the weight accorded a treating physician's opinion must balance all the circumstances, with recognition that, while a treating physician "has spent more time with the claimant," the treating physician may also "bend over backwards to assist a patient in obtaining benefits . . . [and] is often not a specialist in the patient's ailments, as the other physicians who give evidence in a disability case usually are." ***Hofslien v. Barnhart***, 439 F.3d 375, 377 (7th Cir. 2006) (internal citations omitted); *see* ***Punzio***, 630 F.3d at 713.

If the ALJ decides that the treating physician's opinion should not be given controlling weight, the ALJ is "required by regulation to consider certain factors in order to decide how much weight to give the opinion." ***Scrogham v. Colvin***, 765 F.3d 685, 697 (7th Cir. 2014).

6

These factors are set forth in **20 C.F.R. § 404.1527(c)(1)-(5)** and include: 1) the length of the treatment relationship and the frequency of examination; 2) the nature and extent of the treatment relationship; 3) supportability; 4) consistency with the record as a whole; and 5) whether the treating physician was a specialist in the relevant area. An ALJ need not explicitly mention every factor, so long as her decision shows that she "was aware of and considered many of the factors." *Schreiber v. Colvin*, 519 Fed.Appx. 951, 959 (7th Cir. 2013).

Dr. Spence, a specialist in physical medicine and rehabilitation, was Cofield's treating doctor. He diagnosed Cofield with right C6-6 radiculopathy, disc bulge at L4-5 central spinal stenosis, L3-4-5 misalignment with L4-5 disc protrusion, right carpal tunnel syndrome, and C6-7 disc bulge with decompression. (Tr. 502-03, 505, 614). Dr. Spence prescribed Cofield Norco and referred him for further physical therapy. (Tr. 503). He noted that Cofield's neck pain radiated down his right arm, as well as ongoing numbness in his right fingers. (Tr. 576). Cofield's pain was aggravated by walking. (Tr. 580). On November 18, 2014, Cofield had a L4-L5 right-sided laminectomy, foraminotomy, partial facetectomy, and discectomy for his back pain. (Tr. 621). The surgery did not alleviate Cofield's lower back pain, and prolonged sitting made it worse. (Tr. 652, 661). In 2015, an MRI showed degenerative changes most marked at L4-5, and Cofield continued to complain about ongoing radiating neck pain. (Tr. 676, 709, 729).

Dr. Spence repeatedly placed Cofield off work. The ALJ found that the issue of Cofield being off work was reserved to the Commissioner. Therefore, the ALJ concluded that Dr. Spence's opinion was entitled to no weight. (Tr. 33). Dr. Spence's treatment notes ended with the same work status statement: "off work until otherwise prescribed by orthopedics." (Tr. 34). However, the ALJ noted that Cofield was not being treated by an orthopedist. (Tr. 34). The court agrees with the ALJ that this statement was an issue reserved for the Commissioner. **20**

7

**C.F.R. § 404.1527(d)(1).** The ability to work was not the kind of "medical opinion" that the ALJ must evaluate under 20 C.F.R. § 404.1527(b), (c). The agency's regulations assign the decision about ability to work to the Commissioner. *See* **20 C.F.R. § 404.1527(d)(1)**; *Johansen v. Barnhart,* 314 F.3d 283, 288 (7th Cir. 2002); *Clifford v. Apfel,* 227 F.3d 863, 870 (7th Cir. 2000). "Although a medical opinion on an ultimate issue such as whether the claimant is disabled is not entitled to controlling weight, the ALJ must consider the opinion and should recontact the doctor for clarification if necessary." *Barnett v. Barnhart,* 381 F.3d 664, 669 (7th Cir. 2004). The ALJ cannot simply reject a doctor's report on that basis. *See Garcia v. Colvin,* 741 F.3d 758, 760 (7th Cir. 2013). Moreover, if the ALJ was unable to discern the basis for the treating physician's determination, the ALJ must solicit additional information. *Moore v. Colvin*, 743 F.3d 1118, 1127 (7th Cir. 2014).

Even if the ALJ had legitimate reasons to discount Dr. Spence's medical opinion, she ultimately did not apply the correct legal standard in determining what weight the opinion should be given. *See* **20 C.F.R. § 404.1527(d)(2)**; *Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009); *Bauer v. Astrue*, 532 F.3d 606, 608 (7th Cir. 2008). If the ALJ does not give the treating physician's opinion controlling weight, the ALJ cannot simply disregard it without further evaluation. *Campbell v. Astrue,* 627 F.3d 299, 308 (7th Cir. 2010); *see also Bjornson v. Astrue,* 671 F.3d 640, 647 (7th Cir. 2012) *(*finding that a statement that you are "disabled" or "unable to work" does not mean that the Agency will determine a claimant is disabled, yet such a statement is not improper and therefore to be ignored). Instead the ALJ must specifically determine what weight, if any, the opinion should be given. *Campbell,* 627 F.3d at 308.

The ALJ's decision noted that Dr. Spence was board certified in physical medicine and rehabilitation. It also stated that "surgeons repeatedly document better functioning on

8

examinations, and the claimant is not a surgical candidate." The Commissioner has clarified that the statement referred to the earlier portion of ALJ's decision. The ALJ noted that although Dr. Spence repeatedly found decreased sensation and strength, it appeared that his findings were repeated after every visit. (Tr. 29). Also, the ALJ noted that two different doctors had concluded that Cofield was not a surgical candidate noting few abnormal examination findings, as well as normal neurological findings. (Tr. 29). However, the ALJ must provide sufficient details to allow the court to trace the path of her reasoning. *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). The ALJ did not articulate in her decision what she was referring to when she indicated that "surgeons repeatedly document better functioning" and how that finding discounted Dr. Spence's opinion.

If the ALJ decides that the treating physician's opinion should not be given controlling weight, the ALJ is "required by regulation to consider certain factors in order to decide how much weight to give the opinion." *Scrogham v. Colvin*, 765 F.3d 685, 697 (7th Cir. 2014). The court has remanded where ALJ "said nothing about this required checklist of factors." *Larson v. Astrue*, 615 F.3d 744, 751 (7th Cir. 2010). In the instant matter, the ALJ has failed to consider the required checklist of factors. Specifically, she failed to consider the length of the treatment relationship and the frequency of examination. Cofield contends that he saw Dr. Spence at least ten times over a two year period. Moreover, in evaluating Dr. Spence's opinion the ALJ did not discuss the consistency with the record or the supportability of Dr. Spence's findings. The Commissioner did not address this argument.

Additionally, the ALJ assigned great weight to the other medical opinions in the record, the State agency medical consultants and Amber Hanas. Cofield contends that their opinions were formed prior to considerable treatment, including his November 2014 laminectomy.

9

Amber Hanas, physical therapist (PT), noted that Cofield had a 20 pound lifting restriction. (Tr. 34). The ALJ found that this limitation was entitled to great weight because it was consistent with the medical records. (Tr. 34). The ALJ acknowledged that Hanas, as a physical therapist, was not an acceptable medical source but an "other" source. (Tr. 34). Under SSR 06-03p, the ALJ "generally should explain the weight given to the opinions" from "other sources" "or otherwise ensure that the discussion of the evidence in the determination or decision allows the claimant or subsequent reviewer to follow the adjudicator's reasoning." SSR 06-03p, 2006 WL 2329939 (Aug. 9, 2006). Cofield contends that Hanas' lifting limitation was rendered seven months prior to his November 2014 laminectomy. (Tr. 435).

Moreover, Cofield has argued that the ALJ improperly assigned great weight to the non-examining State agency medical consultants. Generally, an ALJ affords more weight to the opinion of an examining source than the opinion of a non-examining source, but the ultimate weight given depends on the opinion's consistency with the objective medical evidence, the quality of the explanation, and the source's specialty. ***Givens v. Colvin***, 551 F. App'x 855, 860 (7th Cir. 2013); **20 C.F.R. § 404.1527(c)**. The consultants opined that Cofield could perform light work with no climbing ladders, ropes, or scaffolds, occasional climbing ramps or stairs, balancing, stooping, kneeling, crouching, or crawling, and occasional reaching overhead bilaterally. (Tr. 33). The ALJ's decision indicated that the State agency medical consultants' opinions are entitled to great weight because they were supported by the medical records, evidence subsequent to their opinions did not document a change or worsening in Cofield's condition, and they are highly qualified physicians who are experts in Social Security disability programs. (Tr. 33).

Cofield has argued that the opinions of Hanas and the State medical consultants were outdated, and therefore improperly were assigned more weight than treating source Dr. Spence. Cofield has pointed to evidence in the record that subsequent to his surgery he underwent two years of additional treatment with Dr. Spence. Dr. Spence noted that Cofield's surgery did not alleviate his lower back pain and prolonged sitting made it worse. (Tr. 652, 661). On July 30, 2015, Cofield could not put any weight on his right leg without stabbing pains. Also, he attempted physical therapy, pool therapy, epidural injections, facet joint injections, spinal surgery, massage therapy, and TENS unit. (Tr. 673). An ALJ may not rely on outdated opinions of agency consultants "if later evidence containing new, significant medical diagnoses reasonably could have changed the reviewing physician's opinion." ***Moreno v. Berryhill***, 882 F.3d 722, 728 (7th Cir. 2018).

The ALJ credited the outdated opinions from Hanas and non-examining medical consultants over the more-recent opinion of treating source Dr. Spence without any substantive discussion. Moreover, the ALJ has not pointed to contradictory evidence in the record to support assigning no weight to Dr. Spence's opinion nor has she considered the factors of 20 C.F.R. § 404.1527 in determining what weight to assign to the medical opinions. The court is not finding that the ALJ must give great weight Dr. Spence or that the State agency medical consultants and Amber Hanas are entitled to less weight, rather the ALJ must sufficiently explain the rationale that underlies her decision. Thus, the ALJ's decision is remanded on this issue.

Cofield has argued that the RFC was not supported by substantial evidence. "The RFC is an assessment of what work-related activities the claimant can perform despite his limitations." ***Young v. Barnhart***, 362 F.3d 995, 1000 (7th Cir. 2004); *see* **20 C.F.R. § 404.1545(a)(1)** ("Your residual functional capacity is the most you can still do despite your limitations."); SSR 96-8p, at

*2 ("RFC is an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities."). The RFC is based upon medical evidence—including statements from medical sources about what the claimant still can do—as well as "other evidence, such as testimony by the claimant or his friends and family." *Craft v. Astrue,* 539 F.3d 668, 676 (7th Cir. 2008); **20 C.F.R. § 404.1545(a)(3).**

SSR 96-8p explains how an ALJ should assess a claimant's RFC at steps four and five of the sequential evaluation. In a section entitled, "Narrative Discussion Requirements," SSR 96-8p specifically spells out what is needed in the ALJ's RFC analysis. This section of the Ruling provides:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

SSR 96-8p (footnote omitted). Thus, as explained in this section of the Ruling, there is a difference between what the ALJ must contemplate and what she must articulate in her written decision. "The ALJ is not required to address every piece of evidence or testimony presented, but he must provide a 'logical bridge' between the evidence and his conclusions." *Getch v. Astrue*, 539 F.3d 473, 480 (7th Cir. 2008) (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)); *see Moore v. Colvin*, 743 F.3d 1118, 1123 (7th Cir. 2014). Although the ALJ does not

need to discuss every piece of evidence, she cannot ignore evidence that undermines her ultimate conclusions. *Moore*, 743 F.3d at 1123 ("The ALJ must confront the evidence that does not support his conclusion and explain why that evidence was rejected.") (citing *Terry v. Astrue*, 580 F.3d 471, 477 (7th Cir. 2009); *Myles v. Astrue*, 582 F.3d 672, 678 (7th Cir. 2009); *Arnett v. Astrue*, 676 F.3d 586, 592 (7th Cir. 2012)). "A decision that lacks adequate discussion of the issues will be remanded." *Moore*, 743 F.3d at 1121.

At step two, the ALJ found that Cofield's mild right carpal tunnel syndrome was a severe impairment. (Tr. 27). Cofield has argued that the ALJ's RFC finding failed to accommodate his carpal tunnel syndrome. The ALJ indicated that after consideration of the entire record she found that:

> The claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b). He is limited to no climbing ladders, ropes, or scaffolding. He is limited to occasional balancing, stooping, kneeling, crouching, and climbing ramps and stairs. He is limited to occasional overhead reaching bilaterally.

(Tr. 29). The ALJ indicated that the RFC was supported by "the overall evidence of the record, including the medical findings, nature and frequency of treatment, the claimant's activities, the opinion evidence, the claimant's testimony, and other factors discussed above." (Tr. 32). The ALJ noted that she accommodated Cofield's mild right carpal tunnel syndrome by limiting him to occasional overhead reaching bilaterally and lifting and carrying 10 pounds frequently and 20 pounds occasionally. (Tr. 32). The Commissioner has indicated that the restrictions imposed to accommodate Cofield's carpal tunnel syndrome were consistent with the opinion of his physical therapist, Amber Hanas, who noted that Cofield had a 20 pound lifting restriction. (Tr. 34). Also, the ALJ's decision stated "there is no evidence of problems reaching or with

13

manipulative functioning on examination." (Tr. 34). However, she has failed to cite to any facts or records to support that finding.

Cofield has argued that the ALJ failed to explain how a limitation regarding overhead reaching and limiting him to lifting and carrying 10 pounds frequently and 20 pounds occasionally accommodated Cofield's carpal tunnel syndrome. The State agency physicians were not aware of Cofield's carpal tunnel and did not mention it in their RFC assessment. (Tr. 102-104). The agency physicians' findings were based on Cofield's degenerative spinal changes. (Tr. 102). Moreover, Cofield testified that his right arm had tremors when lifting, that it ached with repetitive writing, and that he could lift less than a coffee cup. (Tr. 30).

The ALJ has failed to create a logical bridge from the evidence to her conclusion. She did not cite evidence supporting her accommodation of Cofield's carpal tunnel syndrome. An ALJ always is obligated to address how she reached an RFC assessment by discussing some reasoning behind the RFC and the evidence that supports it. SSR 96-8p stresses that "[t]he RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." The ALJ found that Cofield's carpal tunnel syndrome was severe. The ALJ generally discussed the medical evidence in the record. However, the ALJ has failed to explain how the medical evidence supported the ALJ's RFC finding that Cofield's mild right carpal tunnel syndrome was accommodated by limiting him to occasional overhead reaching bilaterally and lifting and carrying 10 pounds frequently and 20 pounds occasionally.

Similarly, Cofield made an additional argument that the ALJ did not explain how the clinical findings supported her conclusion that he had no difficulty ambulating. The ALJ

14

determined that Cofield could stand and walk for 6 hours and that he could lift 20 pounds occasionally. The regulations define light work as lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. SSR 83-10, 1983 WL 31251, at *6 (Jan. 1, 1983). Since frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday. SSR 83-10, 1983 WL 31251, at *6. On remand, the ALJ will be afforded the opportunity to arrive at an RFC finding that is supported by substantial evidence creating a logical bridge from the evidence to her conclusion.

Finally, Cofield has argued that the ALJ failed to appropriately evaluate his subjective allegations. An ALJ's evaluation of subjective symptoms will be upheld unless it is patently wrong. **Shideler v. Astrue**, 688 F.3d 306, 310-11 (7th Cir. 2012). Nevertheless, an ALJ must support her evaluation with specific reasons that are supported by the record. **Pepper v. Colvin**, 712 F.3d 351, 367 (7th Cir. 2013). The SSA has issued new guidance on how the agency assesses the effects of a claimant's alleged symptoms. On March 28, 2016, Social Security Ruling 16-3p became effective and issued new guidance regarding the evaluation of a disability claimant's statements about the intensity, persistence, and limiting effects of symptoms. *See* SSR 16-3p, 2016 WL 1237954 (Mar. 28, 2016). Under SSR 16-3p, an ALJ must assess the claimant's subjective symptoms rather than assessing his "credibility." The Social Security Administration clarified that Social Security Ruling 16-3p only applies when the ALJs "make determinations and decisions on or after March 28, 2016" and that Social Security Ruling 96-7p governs cases decided before that date. *See* Notices, SSR 16-3p**,** 2017 WL 4790249 (Oct. 25, 2017).

Under SSR 16-3, the ALJ first must determine whether the claimant has a medically determinable impairment that reasonably could be expected to produce his symptoms. SSR 16-3p, 2016 WL 1119029, at *2. Then, the ALJ must evaluate the "intensity, persistence, and functionally limiting effects of the individual's symptoms to determine the extent to which the symptoms affect the individual's ability to do basic work activities." SSR 16-3p, 2016 WL 1119029, at *2. An individual's statements about the intensity and persistence of the pain may not be disregarded because they are not substantiated by objective medical evidence. SSR 16-3p, 2016 WL 1119029 at *5. In determining the ability of the claimant to perform work-related activities, the ALJ must consider the entire case record, and the decision must contain specific reasons for the finding. SSR 16-3p, 2016 WL 1119029, at *4, 9. The ALJ must weigh the claimant's subjective complaints, the relevant objective medical evidence, and any other evidence of the following factors:

(1) The individual's daily activities;

(2) Location, duration, frequency, and intensity of pain or other symptoms;

(3) Precipitating and aggravating factors;

(4) Type, dosage, effectiveness, and side effects of any medication;

(5) Treatment, other than medication, for relief of pain or other symptoms;

(6) Other measures taken to relieve pain or other symptoms;

(7) Other factors concerning functional limitations due to pain or other symptoms.

**20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).**

The ALJ determined that Cofield's medically determinable impairments reasonably could have been expected to cause some of the alleged symptoms; however, his statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with

16

the medical evidence and other evidence in the record. (Tr. 32). The ALJ's analysis largely is a summary of medical evidence. Therefore, the ALJ did not explain what evidence undermined Cofield's specific allegations of pain.

Cofield has argued that the ALJ did not appropriately address his daily living activities in assessing his alleged subjective complaints. The ALJ's decision mentioned Cofield's daily living activities, however, it was in her discussion of whether Cofield's mental impairments of depression and anxiety caused more than minimal limitation in the his ability to perform basic mental work activities. (Tr. 28). Moreover, the ALJ did not discuss Cofield's testimony that he could not climb stairs in his home due to his knee pain, that he wore a brace throughout the day, that he had to put bathrooms on all levels in his home due to trouble ambulating, and that he had to sit down to dress himself. (Tr. 51, 55, 67). Therefore, the ALJ has failed to explain how Cofield's ability to complete limited daily living activities undermined his allegations of pain or equated to an ability to perform full-time work.

The ALJ's decision must provide specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and must be sufficiently specific or clearly articulated so the individual and any subsequent reviewers can assess how the adjudicator evaluated the symptoms. SSR 16-3p, 2016 WL 1119029, at *9. The ALJ has addressed some of the regulatory factors set forth in 20 C.F.R. §§ 404.1529(c). The ALJ cited evidence that Cofield experience some relief with pain medications, physical therapy, and aquatic therapy. (Tr. 32). Moreover, she provided a discussion regarding Cofield's medications and that Cofiled reported some positive effects from his medications. (Tr. 33). The ALJ also acknowledged Cofield's good work history. (Tr. 33). Therefore, the court is not concluding that the ALJ's evaluation of

subjective symptoms is patently wrong. However, since this matter is being remanded on a different issues the ALJ may reevaluate Cofield's subjective symptoms.

Cofield has requested that the court remand for an award of benefits. An award of benefits is appropriate "only if all factual issues involved in the entitlement determination have been resolved and the resulting record supports only one conclusion—that the applicant qualifies for disability benefits." ***Allord v. Astrue***, 631 F.3d 411, 415 (7th Cir. 2011). The Seventh Circuit has held that when an ALJ's decision is not supported by substantial evidence, the appropriate remedy is to remand for further proceedings unless the evidence before the court compels an award of benefits. ***Briscoe v. Barnhart***, 425 F.3d 345, 355 (7th Cir. 2005). The record here does not warrant an award of benefits.

Based on the foregoing reasons, the decision of the Commissioner is **REMANDED** for further proceedings consistent with this order.

ENTERED this 5th day of September, 2018.

/s/ Andrew P. Rodovich
United States Magistrate Judge