UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MICHAEL A. COFIELD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:17-cv-317 |
| | ) |
| ANDREW M. SAUL, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion for Approval of Attorneys Fees Pursuant to 42 U.S.C.A. Section 406(b) [DE 26] filed by Barry A. Schultz, counsel for the plaintiff, Michael A. Cofield, on January 22, 2020. For the following reasons, the motion is **GRANTED.**

*Background*

The plaintiff, Michael A. Cofield, filed an application for Disability Insurance benefits on March 28, 2014. His claim for benefits was denied. Cofield appealed to an administrative law judge (ALJ), who likewise denied his claim on August 23, 2016. On July 25, 2017, Cofield initiated this action for judicial review of the denial of his application for benefits. This court entered an Opinion and Order remanding this matter to the Agency for further proceedings on September 5, 2018.

On December 3, 2018, the parties filed an agreed motion for attorney fees under the Equal Access to Justice Act (EAJA). On December 4, 2018, the court granted the agreed motion and awarded Cofield $8,500.00 for attorney fees in full satisfaction of all claims under the EAJA, 28 U.S.C. § 2412.

Following this court's remand, an ALJ approved Cofield's claim for Disability Insurance

benefits. The Social Security Administration issued a Notice of Award letter dated January 18, 2020. Cofield was awarded past-due benefits in the amount of $99,243.00, 25% of which is $24,810.75. Cofield agreed to pay Attorney Schultz 25% of all past-due benefits awarded to him and any beneficiaries by the Administration.

Attorney Schultz asks the court to authorize an award of attorney fees in the amount of $24,810.75 pursuant to 42 U.S.C. § 406(b). The Commissioner filed a response on January 23, 2020, indicating that he neither supports nor opposes Attorney Schultz's request for attorney fees. Therefore, the instant motion is ripe for ruling.

*Discussion*

The Social Security Act allows for a reasonable fee to be awarded both for representation at the administrative level, *see* **42 U.S.C. § 406(a)**, as well as representation before the court, *see* **42 U.S.C. § 406(b)**. *See **Culbertson v. Berryhill**,* 139 S. Ct. 517, 520 (2019) (quoting ***Gisbrecht v. Barnhart**,* 535 U.S. 789, 794 (2002)). Under § 406(b), the court may award a reasonable fee to the attorney who has successfully represented the claimant in federal court, not to exceed twenty-five percent of the past-due benefits to which the social security claimant is entitled. **42 U.S.C. § 406(b)(1)(A)**; ***Gisbrecht**,* 535 U.S. at 792. "The reasonableness analysis considers the 'character of the representation and the results achieved.'" ***Gisbrecht**,* 535 U.S. at 808. The award may be reduced because of an attorney's unjustifiable delay or if the past-due benefits are large in comparison to the amount of time an attorney has spent on a case. ***Gisbrecht**,* 535 U.S. at 808. Counsel cannot recover fees under both the EAJA and § 406(b), though, so they must either refund the EAJA award or subtract that amount from the § 406(b) request. *See **Gisbrecht**,* 535 U.S. at 796 (explaining that "an EAJA award offsets an award under Section 406(b)").

Attorney Schultz requests $24,810.75 in fees, which is 25% of Cofield's past-due

benefits. Attorney Schultz contends that the requested fee award is reasonable for the 46.9 hours of legal work he spent representing Cofield in federal court. Attorney Schultz's total requested fee would amount to an hourly rate of about $529.00. This calculated rate is within the bounds of reasonableness in this district. *See* **Taylor v. Berryhill**, 2018 WL 4932042, at *2 (S.D. Ind. Oct. 10, 2018) (collecting cases) ("Within the Seventh Circuit, fee awards equivalent to hourly rates ranging from $400 to $600 are consistently found to be reasonable."). Furthermore, there is no indication of delay in this case. Accordingly, the court finds that the requested fee is reasonable.

Fee awards may be made under both the EAJA and § 406(b), but the claimant's attorney must refund the amount of the smaller fee. *Gisbrecht,* 535 U.S. at 789. Attorney Schultz has acknowledged that Cofield is entitled to a refund of the $8,500.00 EAJA award that he received.

Based on the foregoing reasons, the court **GRANTS** the Motion for Approval of Attorneys Fees Pursuant to 42 U.S.C.A. Section 406(b) [DE 26] and **AWARDS** fees to Attorney Barry A. Schultz in the total amount of $24,810.75. The court **ORDERS** Attorney Schultz to refund the plaintiff, Michael A. Cofield, the amount of the previously awarded EAJA fees, $8,500.00, upon receipt of the § 406(b) fees awarded by the court.

ENTERED this 30th day of January, 2020.

/s/ Andrew P. Rodovich
United States Magistrate Judge